1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE

9

10    IN RE: CLEARLAKE, LLC,                    Case No.  C07-1976RSL
                                                Bankruptcy No. 07-10698
11          Debtor.                             Bankruptcy Appeal No. 07-S037

12                                              ORDER GRANTING
                                                MOTION TO DISMISS
13

14

15                            **I.  INTRODUCTION**

16          This matter comes before the Court on a motion to dismiss filed by appellee Ronald

17    Brown, the Trustee (the "Trustee") for Clearlake LLC, the Chapter 7 debtor and appellant.  The

18    bankruptcy case involved the sale of real property to pay unsecured creditors.  The Trustee

19    moved for and obtained an order approving the sale of the property.  After the bankruptcy court

20    denied Clearlake's motion for reconsideration, the sale closed on November 29, 2007.  The

21    appeal and the response[1] to this motion were filed by Clearlake's managing member, James

22    Jacobson, an attorney admitted to practice law in Washington.

23

24    _____

25         [1] The Court considered Jacobson's response, even though it was filed late.  The Court has
      not considered Jacobson's "supplemental response," filed on January 31, 2008, after the January
26    25, 2008 noting date for the motion.  In addition to the fact that the filing was untimely, the
      Local Rules do not permit a "supplemental response."
27

28    ORDER GRANTING
      MOTION TO DISMISS - 1

1   For the reasons set forth below, the Court grants the Trustee's motion.

2   ## II. DISCUSSION

3   Clearlake appeals four orders entered by the United States Bankruptcy Court: (1)

4   November 19, 2007 order approving sale of property free and clear of liens; (2) November 29,

5   2007 order denying motion for reconsideration and motion to stay and/or dismiss; (3) November

6   26, 2007 order directing the U.S. Marshal to assist in removing James Jacobson from property of

7   the estate; and (4) a proposed order entitled "Protective Order and for Filing Documents Under

8   Seal," which was denied on November 30, 2007.

9   The Trustee argues that the appeal is moot as to the first three of the listed orders because

10  the property has been sold to a good faith purchaser.  Clearlake, which now seeks to invalidate

11  the sale, did not obtain a stay pending the appeal.  The relevant statute provides:

12      The reversal or modification on appeal of an authorization under subsection (b) or (c) of
        this section of a sale or lease of property does not affect the validity of a sale or lease
13      under such authorization to an entity that purchased or leased such property in good faith,
        whether or not such entity knew of the pendency of the appeal, unless such authorization
14      and such sale or lease were stayed pending appeal.

15  11 U.S.C. § 363(m).  Courts have interpreted the statute to mean that when a sale of assets is

16  made to a good faith purchaser, the order may not be modified or set aside unless the sale was

17  stayed pending appeal.  See, e.g., Onouli-Kona Land Co. v. Estate of Richards, 846 F.2d 1170,

18  1172 (9th Cir. 1988).

19  The Bankruptcy Code and Rules do not define "good faith."  However, "courts generally

20  have followed traditional principles in holding that a good faith purchaser is one who buys 'in

21  good faith' and 'for value.'  Typically, lack of good faith is shown by fraud, collusion between

22  the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of

23  other bidders."  Ewell v. Diebert, 958 F.2d 276, 281 (9th Cir. 1992) (internal citations and

24  quotations omitted).  In this case, although the bankruptcy court did not make an explicit finding

25  of good faith, the statute nevertheless precludes the appeal if the Court finds good faith.  See,

26  e.g., Onouli-Kona Land Co., 846 F.2d at 1174.  The purchase was made after the property was

27

28  ORDER GRANTING
    MOTION TO DISMISS - 2

1   listed on the open market.  The purchaser was a third party who did not have a pre-existing

2   relationship with the property or the parties.  Value was given; the Trustee received over $1.34

3   million in net proceeds.  There is no evidence of fraud, collusion, or attempts to take advantage

4   of other bidders.  Under these circumstances, the sale was made to a good faith purchaser.

5   Clearlake's challenges to the sale order and order denying its motion for reconsideration of the

6   same are moot.

7        Clearlake has also challenged the order that permitted the Trustee to request assistance

8   from the U.S. Marshal to preclude Jacobson from entering the property (the "removal order").

9   Since the premises are no longer the property of the bankruptcy estate, the Trustee will not take

10  further action pursuant to the removal order.  Reversal of the order on appeal would not afford

11  Clearlake any relief, and the appeal is moot.

12       In addition, the appeal of the removal order is untimely.  Clearlake filed its appeal on

13  December 7, 2007, 11 days after entry of that order.  Fed. R. Bankr. P. 8002(a) (appeals must be

14  commenced within 10 days of the order being appealed from).

15       Also, Clearlake lacks standing to challenge the removal order and the order denying

16  Jacobson's motion to file his personal health information under seal.[2]  "Only those persons who

17  are directly and adversely affected pecuniarily by an order of the bankruptcy court have been

18  held to have standing to appeal that order."  In re Fondiller, 707 F.2d 441, 442 (9th Cir. 1983)

19  (describing the "person aggrieved" test).  Both orders personally affected Jacobson.  Clearlake,

20  the only appellant before this Court, was not aggrieved by either order.  Nor do they relate to

21  Clearlake's assets.  Accordingly, it lacks standing to challenge them on appeal.

22       Jacobson does not address the Trustee's arguments in response to the motion.  Instead, he

23

24

25       [2] The record does not reflect why Jacobson filed his health information in the bankruptcy

26  case.  Even though the Trustee argued, in support of its motion to dismiss, that the information
     was irrelevant in the bankruptcy proceedings, Jacobson did not explain its relevancy.

27

28  ORDER GRANTING
    MOTION TO DISMISS - 3

1  contends that he was denied an opportunity to be heard during the November 16, 2007 hearing.[3]

2  However, the Trustee's counsel has stated that the bankruptcy judge heard arguments from both

3  sides at the hearing.  Regardless, Jacobson has not shown that Clearlake had a due process right

4  to oral argument before the bankruptcy court.  Also, Jacobson filed, and the bankruptcy court

5  considered, Clearlake's written objections. (Dkt. #1, Order Approving Sale of Property).

6  Clearlake was not denied due process.

### III.  CONCLUSION

8       For the foregoing reasons, the Court GRANTS the Trustee's motion to dismiss (Dkt. #4)

9  and dismisses this appeal.

10

11       DATED this 5th day of February, 2008.

12

13

14                                      MMT S Lasnik

15                                      Robert S. Lasnik
                                        United States District Judge

16

17

18

19

20

21

22

23
_____

24       [3] Jacobson also states, "The Court and the Trustee were provided with Notice and
Requests for an Accommodation under the ADA at the outset of this case.  Those requests have
25  been summarily ignored." Response at p. 3.  Jacobson has never submitted a request for an
accommodation to this Court or identified one in the record.  He did not explain in his motion
26  why he allegedly needs an accommodation, and the need is not apparent.
27

ORDER GRANTING
28  MOTION TO DISMISS - 4